## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**CHARLES W. EISNNICHER, JR.,**          **CASE NO. 2:05-cv-522**
                                          **CRIM. NO. 2:03-cr-205**

       **Petitioner,**

    **v.**                                  **JUDGE FROST**
                                          **MAGISTRATE JUDGE KEMP**

**UNITED STATES OF AMERICA,**

       **Respondent.**


### <u>REPORT AND RECOMMENDATION</u>

Petitioner, a federal prisoner, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

In the underlying criminal case, on December 18, 2003, pursuant to a plea agreement signed on December 8, 2003, petitioner pleaded guilty to counterfeiting obligations or securities of the United States, in violation of 18 U.S.C. §471, counterfeiting foreign obligations or securities, in violation of 18 U.S.C. §478, fraud and related activity in connection with identification documents, in violation of 18 U.S.C. §1028(a)(1), and one count of forfeiture, pursuant to 18 U.S.C. §982. Doc. Nos. 2, 6. On May 26, 2004, petitioner was sentenced to an aggregate term of 41 months imprisonment plus two years supervised release; he was ordered to forfeit the properties outlined in count 4 of the information to the United States. Doc. No. 19. Petitioner never filed an appeal of

his convictions and sentence to the United States Court of Appeals for the Sixth Circuit.[1]

On May 25, 2005, petitioner filed the instant *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255.  He asserts that his sentence violates the United States Supreme Court's recent decisions in *United States v. Booker*, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, 124 S.Ct. 2531 (2004).  However, *Booker* and *Blakely* are not retroactively applicable to cases on collateral review.  *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).  Further, petitioner's conviction became final ten days after the May 26, 2004, judgment entry, when the time period for filing an appeal ended, *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004); Fed.R.App.P. 4(b)(1), and prior to the Supreme Court's June 24, 2004, decision in *Blakely* and January 12, 2005, decision in *Booker*. These decisions, therefore, do not provide petitioner the relief he requests.

In view of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

---

[1] On October 21, 2004, petitioner filed a motion for downward departure and substitution of imprisonment to home detention, which motion was denied.  Doc. Nos. 23, 25.  Petitioner's motion for reconsideration was also denied.  Doc. Nos.  26, 28.

magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge

3